UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br>CDCR No. AD-6237,<br>LUIS GONZALEZ<br><br>                              Plaintiffs,<br><br>vs.<br><br>PARAMO, Warden; LT. GARZA, C/O<br>Officer; HAMILTON, Officer; NEOTTI,<br>Warden; BRENDA CASH, Warden; JANE<br>DOE, Medical Personnel; JOHN DOE,<br>Medical Personnel; JOHN/JANE DOE,<br>Correctional Officer,<br><br>                              Defendants. | Case No.    14cv0508 LAB (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF GONZALEZ;**<br><br>**(2)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) (ECF Doc. No. 2);**<br><br>**AND**<br><br>**(3)  DISMISSING CASE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiffs Darryl Dunsmore and Luis Gonzalez, inmates currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, have filed this civil rights action.  Plaintiff Dunsmore did not prepay the civil filing fee

required by 28 U.S.C. § 1914(a) at the time he filed his Complaint; instead, he submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2). Plaintiff Luis Gonzalez has not file a Motion to Proceed IFP.

## I.   REPRESENTATION

Plaintiff Dunsmore purports to bring this action on behalf of Plaintiff Gonzalez. However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Here, purported Plaintiff Gonzalez has not signed the Complaint nor has he filed his own Motion to Proceed IFP. Accordingly, the Court **DISMISSES** Plaintiff Gonzalez from this action.

## II.   PLAINTIFF'S MOTION TO PROCEED IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further

"the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.  APPLICATION TO PLAINTIFF

As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). The claims that Plaintiff raises in his Complaint have been previously litigated by Plaintiff in separate matters.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). This Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

/ / /

/ / /

They are:

1) *Dunsmore v. San Diego County Sheriff's Dep't, et al.*, Civil Case No. 11cv0083 IEG (WVG) (S.D. Cal. Nov. 8, 2011) (Order dismissing Second Amended Complaint for failing to state a claim) (strike one);

2) *Dunsmore v. Dominitz, et al.*, Civil Case No. 11cv2386 BEN (DHB) (S.D. Cal. June 11, 2012) (Order dismissing Second Amended Complaint for failing to state a claim and for seeking monetary damages against immune defendants) (strike two); and

3) *Dunsmore v. State of California, et al.*, Civil Case No. 12cv1936 JAH (DHB) (S.D. Cal. Mar. 20, 2013) (Order granting motion to proceed *in forma pauperis* and dismissing First Amended Complaint for failing to state a claim and as frivolous) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) DISMISSES Plaintiff Gonzalez from this action.

(2) DENIES Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(3) DISMISSES this action sua sponte without prejudice for failing to prepay the

1 | $350 filing fee pursuant to 28 U.S.C. § 1914(a); and[1]

2 |    (3)  CERTIFIES that an IFP appeal from this Order would also be frivolous and

3 | therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United*

4 | *States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)

5 | (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

6 |    The Clerk shall close the file.

7 |    **IT IS SO ORDERED.**

9 | DATED: April 21, 2014

10 | 

11 |             *[signature]*
           **HONORABLE LARRY ALAN BURNS**
           United States District Judge

---

[1] If Plaintiff wishes to pursue his claims, he must commence a new and separate civil action by filing a complaint pursuant to FED.R.CIV.P. 3 which is accompanied by the $400 filing fee required by 28 U.S.C. § 1914(a). Plaintiff is further cautioned that because he is not eligible to proceed IFP, he is also not entitled to the U.S. Marshal service authorized by 28 U.S.C.§ 1915(d) and FED.R.CIV.P. 4(c)(3). Finally, because Plaintiff is a prisoner, any complaint he files will be subject to the screening required by 28 U.S.C. § 1915A(a) and dismissed sua sponte if it is found frivolous or malicious, if it fails to state a claim, or if it seeks monetary relief from a defendant who is immune, regardless of whether he has paid the full filing fee. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b) screening requirements).