# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, CDCR #AD-6237,<br><br>Plaintiff,<br><br>vs.<br><br>PARAMO; LT. GARZA; HAMILTON; NEOTTI; BRENDA CASH; JANE DOE; JOHN DOE; JOHN/JANE DOE,<br><br>Defendants. | Civil No.   14cv0508 LAB (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**(ECF Doc. Nos. 11, 13)** |

Currently before the Court is Plaintiff's "Motion to Proceed IFP under Imminent Danger" which the Court has construed as a Motion for Reconsideration. (ECF Doc. No. 11.) In this Motion, Plaintiff seeks reconsideration of the Court's April 23, 2014 Order denying Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") as barred by 28 U.S.C. § 1915(g). In addition, Plaintiff has filed a Motion for Temporary Restraining Order. (ECF Doc. No. 13.)

## I.
## Procedural History

On March 5, 2014, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed IFP.

Finding three prisoner civil actions filed by Plaintiff had been previously dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim," the Court denied him leave to proceed IFP pursuant to 28 U.S.C. § 1915(g), and dismissed the action for failure to prepay the entire $400 civil filing fee as required by 28 U.S.C. § 1914(a). *See* April 23, 2014 Order, ECF Doc. No. 5 at 5.

## II.

### Plaintiff's Motion for Reconsideration

#### A.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

#### B.     Plaintiff's Arguments

In the Court's April 23, 2014 Order, the Court found that Plaintiff was not entitled to proceed IFP and his Complaint failed to meet the criteria to support finding an exception to the 1915(g) rule. Specifically, in order to proceed IFP in this matter, Plaintiff would have to show that he "faced 'imminent danger of serious physical injury' at the time of filing."*Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (hereafter "*Cervantes*") (quoting 28 U.S.C.

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

§ 1915(g)).  The claims that Plaintiff raised in his Complaint have been previously litigated by Plaintiff in separate matters.

Plaintiff claims in his current Motion that he is in "imminent danger" and therefore, should be permitted to proceed IFP.  (*See* Pl.'s Mot. for Recon., ECF Doc. No. 11 at 5.) Specifically, Plaintiff states that "directly after Plaintiff's complaint was denied the Defendants retaliated by transferring Plaintiff back to C yard in order to punish the Plaintiff for his litigation efforts." (*Id.*)  Plaintiff points to Exhibit "A1" which is a notice of classification hearing form dated April 25, 2014.  (*Id.*, Ex. A1.)  However, the Ninth Circuit made clear that in order to be able to claim the "imminent danger exception, the Court can only consider "the conditions a prisoner faces at the time the complaint was filed, not at some earlier or later time." *Cervantes*, 493 F.3d at 1053.  By Plaintiff's own admission, the facts upon which he is basing his claims of being in "imminent danger" occurred *after* Plaintiff filed this action.  The alleged retaliatory transfer occurred more than a month after Plaintiff filed his Complaint and thus, Plaintiff still is unable to demonstrate that he was in imminent danger at the time he filed this action.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).  Plaintiff has failed to provide any factual or evidentiary support for any basis under Rule 60(b) that would justify vacating the Court's April 23, 2014 Order.

Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

### III.

### Motion for Temporary Restraining Order

Plaintiff seeks a restraining order on claims that he is receiving inadequate medical care. Pursuant to Federal Rules of Civil Procedure 65(b)(1)(A), the Court may only issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will results to the movant before the adverse party can be heard in opposition." *Id.*  Here, Plaintiff cannot meet these threshold requirements.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Plaintiff has already litigated the claims he raises in his request for a restraining order in *Dunsmore v. San Diego County Sheriff's Dep't*, S.D. Cal. Civil Case No. 11cv0083 IEG (WVG). Therefore, he is unable to show the likelihood of "immediate and irreparable injury." FED.R.CIV.P. 65(b)(1)(A).

In addition, Plaintiff is required to demonstrate "any efforts made to give notice" of the restraining order request, along with the "reasons why [notice] should not be required." FED.R.CIV.P. 65(b)(1)(B). Here, Plaintiff does not provide any indication whether he attempted to give notice to any individuals of his request for a temporary restraining order. Accordingly, for all these reasons, Plaintiff's Motion for Restraining Order is **DENIED**.

## IV.

## Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration and Motion for Temporary Restraining Order (ECF Doc Nos. 11, 13) are DENIED.

**IT IS SO ORDERED.**

DATED: May 22, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge